UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company,<br><br>            Plaintiff,<br><br>   v.<br><br>MAX OUT INC. et al.,<br><br>            Defendants. | CASE NO.: 2:24-CV-07493 JLS-E<br><br>**JUDGMENT AGAINST DEFENDANTS MAX OUT INC. AND RODERICK DELTON EDISON, SR.** |

Pursuant to the Order Granting Plaintiff's Motion for Default Judgment (Doc. 19), **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. Judgment is entered in the **total amount of $157,126.86** in favor of Plaintiff Construction Laborers Trust Funds for Southern California Administrative Company ("Plaintiff"), a Delaware limited liability company, an administrator of, agent for collection for, fiduciary to, and on behalf of the Laborers Health and Welfare Trust Fund for Southern

1

California; San Diego County Laborers' Pension Trust Fund; Construction Laborers Vacation Trust Fund for Southern California; Laborers Training and Re-Training Trust Fund for Southern California; Center for Contract Compliance; Laborers Contract Administration Trust Fund for Southern California; San Diego Construction Advancement Fund 2003; and Southern California Partnership for Jobs Trust Fund.

2. **Defendant Max Out Inc**. ("Max Out"), a Nevada corporation, is liable for the **total judgment amount of $157,126.86,** consisting of the following amounts due for the period September 2016 through May 2024: (a) a principal amount of $149,482.81 (including $82,780.59 in unpaid Monthly Contributions through May 2024; plus $16,893.57 in interest accrued through the date of the hearing on this Motion (February 7, 2025); and $51,882.85 in liquidated damages, and taking into account a $2,074.20 credit on Max Out's account; (b) attorneys' fees of $6,589.65; and (c) costs of $1,054.40.

3. Of the total judgment of $157,126.86, **Roderick Delton Edison, Sr. ("Edison"), is jointly and severally liable for $57,481.11**, consisting of the following amounts due for the period September 2016 through May 2024: (a) $25,254.15 in damages for breach of their fiduciary duties under ERISA, in connection with unpaid monthly contributions due to the Vacation Fund; (b) $24,582.91 in damages for breach of the 2021 settlement agreement; and (c) $6,589.65 in attorneys' fees and $1,054.40 in costs.

4. The Trust Funds have not conducted an audit of the records of Defendant Max Out for any month after April 2021. The monetary judgments issued hereby in paragraphs 1 and 2 shall not, and do not, have *res judicata* effect, operate as a bar or effect any other limitation

of any right of the Trust Funds or any individual Trust Fund (including Plaintiff on behalf of the Trust Funds or any individual Trust Fund) to calculate and collect any additional amounts due by the Defendants for months after April 2021.

5. **FINAL AND PERMANENT INJUNCTIVE RELIEF IS HEREBY GRANTED AS FOLLOWS:** Max Out and its managing employees, agents and successors, including but not limited to Edison, as well as all those in active concert or participation with any one or more of them, shall, submit to a full audit of Max Out for the period of April 2021 through the date of the audit, and fully cooperate with Plaintiff and the Trust Funds with respect to the audit in order for them to determine the total amount due to the Trust Funds and the hours of work performed by the Trust Funds' participants and any others entitled to credit toward fringe benefits from any one or more of the Trust Funds, and, specifically, to produce to Plaintiff and the Trust Funds the following payroll and business records – and any other records determined by Plaintiff or the Trust Funds to be necessary to conduct a full audit – for inspection, examination, and copying:

   a. All of Max Out's payroll and employee records, as well as any other records that might be relevant to a determination of the work performed by Max Out, its employees, its subcontractors, its lower-tier subcontractors and employees of Max Out's subcontractors and lower-tier subcontractors, including but not limited to payroll journals, employee earnings records, certified payroll records, payroll check books and stubs, cancelled payroll checks, payroll time cards and state and federal tax returns (and

    all other state and federal tax records), as well as labor distribution journals and any other records that might be relevant to an identification of the employees who performed work for Max Out, its employees, its subcontractors, lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors performed work, including any records that provide the names, addresses, Social Security numbers, job classification or the number of hours worked by any one or more employees;

  b. All of Max Out's job files for each contract, project or job on which Max Out, its employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors worked, including but not limited to all correspondence, agreements and contracts between Max Out and any general contractor, subcontractor, owner, builder or developer, as well as all field records, job records, notices, project logs, supervisors' diaries and notes, employees' diaries and notes, memoranda, releases and any other records that relate to the supervision of Max Out's employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors and lower-tier subcontractors, or the projects on which Max Out, its employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors performed work;

  c. All of Max Out's records relating to cash receipts, including but not limited to Max Out's cash receipts journals, accounts

receivable journals, accounts receivable subsidiary ledgers and billing invoices for all contractors, projects and jobs on which Max Out, its employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors performed work;

d. All of Max Out's bank statements, including but not limited to those for all checking, savings and investment accounts;

e. All of Max Out's records relating to disbursements, including but not limited to vendors' invoices, cash disbursement journals, accounts payable journals, check registers and all other records which indicate disbursements;

f. All collective bargaining agreements between Max Out and any trade union, and all records of contributions by Max Out to any trade union trust fund; and

g. All records relating to the formation, licensing, renewal or operation of Max Out.

6. **FINAL AND PERMANENT INJUNCTIVE RELIEF IS HEREBY GRANTED AS FOLLOWS:** Max Out and its managing officers, managing employees, agents and successors, including but not limited to Edison, as well as all those in active concert or participation with any one or more of them, are hereby ordered to deliver, or cause to be delivered:

    a.   The following to the Trust Funds' offices within thirty (30) days of service of this judgment by CLTF on Max Out by mail to the address at which the complainant in this action was served: all past due monthly fringe benefit contribution report forms due by Max Out to the Trust Funds, truthfully and accurately completed and identifying all employees for whom fringe benefit contributions are owed to the Trust Funds by Max Out and their Social Security numbers, and, itemized by person and project, the hours of work performed for which the fringe benefit contributions are due.

    b.   The following to the Trust Funds' offices no later than 4:30 p.m. on the 15th day of each month for the duration of the Agreements:

        i.   Truthfully and accurately completed monthly fringe benefit contribution reports covering all of Max Out's accounts with the Trust Funds in existence at the time of delivery, collectively identifying all persons for whom fringe benefit contributions are owed to the Trust Funds for the previous month and their Social Security numbers, and, itemized by person and project, the hours of work performed for which the fringe benefit contributions are due;

        ii.   An affidavit or declaration from a managing officer or other managing agent of Max Out attesting under penalty of perjury to the completeness, truthfulness and accuracy

of each monthly fringe benefit contribution report submitted; and

    iii. A cashier's check or checks made payable to the "Construction Laborers Trust Funds for Southern California" totaling the full amount of fringe benefit contributions due by Max Out to the Trust Funds for the previous month (as stipulated on the fringe benefit contribution report(s) submitted).

Dated: February 10, 2025

                                                  JOSEPHINE L. STATON
                                                 UNITED STATES DISTRICT JUDGE